JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

In Re NUCOA REAL MARGARINE LITIGATION

) Case No. CV 10-00927 MMM (AJWx)
)
) JUDGMENT

On June 12, 2012, the court entered an order finally approving the parties' settlement of this action and awarding attorneys fees' and incentive awards. Therefore,

IT IS ORDERED AND ADJUDGED:

1. This Judgment incorporates by reference the definitions in the Stipulation for Class Action Settlement and Release dated November 23, 2011 (the "Stipulation"). All terms used herein shall have the same meaning as set forth in the Stipulation unless specified. The

terms of the Stipulation are incorporated into this Judgment as if fully set forth.

2. The court has jurisdiction over the subject matter of this action and all parties to the action, including all Settling Parties.

3. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the court certifies the following Class:

> all persons who purchased Nucoa Real Margarine in stick form in the United States between January 1, 2000 and January 4, 2012 for their own use, rather than resale or distribution, and excluding employees of Defendant and its affiliates.

4. Pursuant to Rule 23(c)(3), all persons who are members of this class, except those who timely and validly excluded themselves from the class, are Settling Parties bound by this judgment.

5. Pursuant to Rule 23(a), the court finds that plaintiff Rebecca Yumul is a member of the class, her claims are typical of the class, and she fairly and adequately protected the interests of the class throughout the litigation. Accordingly, the court appoints Rebecca Yumul as class representative.

6. The class meets all of the requirements of Rule 23(a) and (b)(3) for certification, including (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and class counsel; (e) predominance of common questions of fact and law among the Class; and (f) superiority.

7. Having considered the factors set forth in Rule 23(g)(1), the court finds that class counsel fairly and adequately represented the class in entering into and implementing the settlement, and thus appoints class counsel as counsel to represent the settlement class members.

8. No persons have timely filed valid requests for exclusion from the settlement class. Accordingly, all persons who are members of the class set forth above are bound by this judgment and the terms of the Stipulation.

9. The court directed that class notice be given to class members pursuant to the notice

1       program proposed by the parties and approved by the court.

2 10.   Distribution of the notice to class members as provided for in the Order Granting Preliminary Approval of Settlement constituted the best notice practicable under the circumstances to all persons in the class, met the requirements of due process under the United States Constitution, and fully satisfied the requirements of Rule 23, 28 U.S.C. § 1715, and any other applicable law. The settlement class received proper notice of: (a) the Settlement Agreement; (b) the Final Approval Hearing; (c) Class Counsel's intention to seek attorneys' fees and expenses and compensation for the named plaintiff; (d) each class member's right to exclude itself from the settlement class; and (e) each class member's right to object to the proposed settlement and to class counsel's application for attorneys' fees and expenses for compensation of named plaintiff.

11.   Based on evidence and other material submitted in conjunction with the Final Approval Hearing, notice to the class complied with the Order Granting Preliminary Approval, and was adequate.

12.   The court finally approves the settlement of the action, as set forth in the Stipulation, and each of the releases, as fair, just, reasonable, and adequate as to settling parties. The settling parties are directed to perform in accordance with the terms set forth in the settlement agreement.

13.   The requirements set forth in *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010), have been satisfied with regard to class counsel's application for attorneys' fees and expenses.

14.   Class counsel are entitled to a reasonable fee and expense award for their work. The court finds $434,918 to be a reasonable fee award. The court also awards class counsel $9,127.25 in expenses. Plaintiff is entitled to receive an incentive award of $8,000.

15.   All of the Released Claims are dismissed with prejudice as to the named plaintiff and other members of the settlement class.

16.   The Court reserves exclusive and continuing jurisdiction for the purpose of supervising the implementation, enforcement, construction, administration, and interpretation of the

    Settlement Agreement and this judgment and to resolve any and all disputes that may arise thereunder.

17. This order shall not be construed or used as an admission, concession, or declaration by or against defendant of any finding of fault, wrongdoing, or liability.

18. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure. All claims asserted by plaintiff are dismissed with prejudice.

DATED: July 30, 2012

_Margaret M. Morrow_
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

4